Frank RATLIFF, Appellant,

v.

Hattie RATLIFF, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1966.

V. R. Bentley, Pikeville, for appellant.

Francis D. Burke, Pikeville, for appellee.

WADDILL, Commissioner.

On this appeal from a judgment reforming a deed, appellant Frank Ratliff contends the trial judge erred in finding that the deed as recorded was fraudulent.

After the death of appellant's father the real estate which he had owned was parti-tioned among his children.. The tract allotted to appellant was made subject to a life estate in favor of his mother, appellee Hattie Ratliff. Appellant and appellee resided on the tract for several years until an estrangement developed between them. Appellant moved from this land on December 25, 1962, and two days later prepared a deed from appellee to him and asked her to sign it. She read the deed, signed and acknowledged it. During February 1963 appellant had the furnace (which he owned) removed from the residence occupied by appellee after which she moved from the property. Appellant recorded the deed from appellee on May 18, 1963. Later appellee instituted this action to have this deed reformed alleging fraud in that it was not the one she had signed.

This deed purports to convey appellee's life estate in the entire tract owned by appellant. The descriptive portion of the deed appears on the first page while her signature and acknowledgment are on the second page.

Appellee testified that she had agreed to relinquish her life estate in only a portion of the tract so that appellant could build a house there. She further testified that the deed which she had signed called for a boundary line which "started on that headwall [behind her residence] and included only about half this tract." She insisted that the first page had been removed from the deed and a new page, containing a description which included her life estate in the whole tract, had been substituted before it was recorded.

When appellee signed the deed the only other persons present were appellant and Ralph May, who took her acknowledgment. May testified that he had not read the deed and was therefore unable to determine whether a new first page had been substi-tuted. Nor is there any evidence that the original first page had been initialed or

otherwise marked in any identifying manner. Appellant denied that there had been any change in the deed since it was executed by appellee and stated further that the recorded deed confirmed appellee's agreement to convey her life estate in the entire tract to him.

It is apparent that there is a sharp conflict in the evidence as to whether the original deed was fraudulently changed. The special commissioner appointed by the trial judge to hear the case was of the opinion that a fraud had been committed upon appellee and recommended that the deed be reformed. The trial judge accepted this recommendation, found that the first page had been substituted and entered judgment accordingly.

We conclude that this finding is amply supported by the evidence and therefore under CR 52.01 we will not say it is clearly erroneous.

The judgment is affirmed.